UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| HARMONIE HAGERMAN, et al., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 8-413-B-W |
| | ) |
| W.E. AUBUCHON CO., INC., | ) |
| | ) |
| Defendant. | ) |

**Order to Supplement**

On April 8, 2009, a pending motion to dismiss was referred to me for a recommended decision. Having now reviewed the pleadings in this matter, the parties are ordered to supplement their memoranda to address the following issue: What role, if any, does the Worker's Compensation Act Exclusivity Provision have in relationship to Harmonie Hagerman's claims in Count I (assault and battery), Count V (violation of privacy), Count VI (intentional infliction of emotional distress), and Count VII (reckless infliction of emotional distress)?  See 39-A M.R.S.A. § 104; Cole v. Chandler, 2000 ME 104, ¶9, 752 A.2d 1189, 1195 (recognizing limitation of the exclusivity provision vis-à-vis injuries while and because plaintiff was at work and also recognizing that claim for invasion of privacy in connection with work activities would be barred only as to physical and mental injuries, not economic damages); See Gordan v. Cummings, 2000 ME 68, ¶¶ 12-13, 756 A.2d 942, 945 (dismissal of intentional infliction of emotional distress claim); Li v. C.N.Brown Co., 645 A.2d 606 (Me. 1994)(no exception for intentional torts); Knox v. Combined Ins. Co. of America, 542 A.2d 363 (Me. 1988)(injuries, mental and physical, caused by sexual harassment are not excluded from

the Workers' Compensation Act's coverage).  The parties' supplemental responses to this order shall not exceed three pages and shall be filed by May 1, 2009.

*So Ordered.*
April 15, 2009                                              /s/ Margaret J. Kravchuk
                                                            U.S. Magistrate Judge