UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| HARMONIE HAGERMAN, et al., )<br>)<br>Plaintiffs )<br>)<br>v. )<br>)<br>W.E. AUBUCHON CO., INC., )<br>)<br>Defendant ) | Civil No. 08-413-B-W |

**ORDER ON PLAINTIFF'S MOTION
TO AMEND COMPLAINT**

Plaintiffs filed a motion to amend their complaint on May 5, 2009. On May 13, 2009, prior to the completion of the briefing cycle on the motion, I issued a recommended decision on the defendant's motion to dismiss wherein I considered the language of the proposed amended complaint in fashioning my recommendation. While many of the proposed amendments were cosmetic, I did note in my opinion that the amended language alleging that false statements were made to "diverse third persons" (Proposed Am. Compl. ¶ 115) saved the otherwise doomed false public light claim.

Defendant W.E. Aubuchon Company has now filed its objection to the motion to amend, predictably arguing that the motion should not be allowed because it would be futile. Aubuchon and I agree that in order for a claim of false light publicity to be actionable, the offensive communication must be "made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge." Cole v. Chandler, 2000 ME 104, ¶ 17, 752 A.2d 1189, 1197 (quoting Restatement (Second) of Torts § 652D cmt. a (1977)). The question on the motion to amend, and by extension, on the objection to this portion of the recommended decision, is whether Plaintiffs have alleged

sufficient facts to support a plausible inference that the offensive communication was certain to become public knowledge. I conclude that by alleging that the communication was made to diverse third persons, they have done so.

In Ashcroft v. Iqbal, the United States Supreme Court summarized: "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" 129 S. Ct. 1937, 1949 (2009). It reiterated: "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557). I concede in this case that under the Twombly pleading standard, the allegation that the statements were made to "diverse third persons" is a close call, but in the final analysis, in my opinion, the allegation does nudge this complaint into the realm of plausibly stating a claim for false light publicity and thus defeats defendant's futility argument.

If Plaintiffs ultimately prove only that Aubuchon made these allegedly false statements to the Maine Human Rights Commission and a narrow group of customers/employees at the store, then in all probability the claim will not survive summary judgment. I agree that there is little detailed factual content in the current complaint that suggests the statements were widely publicized by Aubuchon, but the fact that Plaintiffs allege the statements were made to diverse third persons gives rise to the logical inference that the statements were made in such a manner as to become matters of general public knowledge. While recognizing the tenor of Defendant's futility argument, I nevertheless grant the motion to amend.

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed.R.Civ.P. 72.

*So Ordered.*

June 8, 2009                                /s/ Margaret J. Kravchuk
                                            U.S. Magistrate Judge